## State *v.* Job Sweetland.

Where, upon the trial of an indictment for keeping the nuisance of an alehouse, the defendant passed to the jury a book of charges for the purpose of confirming the testimony of a witness who kept the book, and who swore that at the time laid in the indictment he furnished ale by the cask, at the alehouse, not to the defendant, but to another person; *held*, that it was no ground for a new trial, that the jury might have been influenced to convict the defendant by the suspicious appearance of the book, commented on by the attorney-general without opportunity on the part of the defendant, to answer or explain; or, that the jury might have been swayed by other charges in the book against the defendant, relating to a period prior to that laid in the indictment, to which the attention of the jury was not directed, and which it was not proved that they saw.

Motion for a new trial by one convicted of keeping the nuisance of an alehouse, on the grounds, that the jury improperly considered entries in a book of accounts submitted to them by the defendant, to which their attention was not called, and upon which the defendant had no opportunity, through his counsel, to comment, and that the verdict was against the weight of evidence. The facts are sufficiently set forth in the opinion of the court.

*Thurston* and *Ripley*, for the defendant.

*J. B. Kimball*, attorney-general, for the state.

BOSWORTH, J.    This is a motion for a new trial grounded on facts as follows : At the trial of the case in which the petitioner was indicted for keeping a nuisance, he produced a witness who testified that he furnished ale by the cask, during the time laid in the indictment and prior thereto, to one Christopher Brown, who, as the defendant alleged, was the proprietor of the place named in the indictment as the place where the nuisance was kept.    On cross-examination, the witness stated that he knew the fact from recollection, and from a reference to his book of charges which he had, on the morning of the trial, examined at the request of the defendant.    He was asked to produce the book referred to, and thereupon went for his book and returned after the defendant's counsel had commenced the argument of his case.    The book was then without objection passed to the jury by the defendant's counsel. Upon the argument of the case in the close, in behalf of the state, the attorney-general referred to the book, directing the attention of the jury to the charge against the said Brown, contending that upon inspection it was apparent that the charge referred to had been altered from Sweetland to Brown. The defendant produces the affidavit of the witness that the said charge had not been altered as the attorney argued, and explains the apparent alteration, in a manner which did not occur to him or to his counsel at the trial.

Another fact is, that on a page in the book prior to the one to which the attention of the jury was called, there was a charge for ale made to the defendant, bearing date prior to the time laid in the indictment.    The defendant alleges, that he is informed that the jury were influenced in their verdict by this fact, without keeping in mind that this charge was of a date prior to the first day named in the indictment.

We do not see in either of these allegations any ground for a new trial.    There is no mode of determining whether the verdict of the jury was influenced by the last-named fact or not.    There is no proof offered on this point which establishes the facts, either that they saw this charge, or considered its

import. By a statement of the evidence it appears, that the witness testified that he ceased 'to sell ale to the defendant prior to the date of this charge. If the jury did see the charge on the book referred to, it might very naturally in their minds shake the credibility of the witness's testimony; but it does not appear whether they saw it or not. Their attention was not directed to this charge; it is not proved that they gave any attention to it, and whether it was proper or improper that they should, we have no reason to infer that they did. The appearance of the book, we think, was a fair subject of comment on the part of the attorney-general, since the defendant had himself put it into the case. The leaves of the book being submitted to our inspection, it seems to us evident that there was once another name written under what appears on the book now. We think it affords no reason for granting a new trial, that possibly, or even probably, the suspicious appearance of the book may have prevented the jury from giving the amount of credence to the testimony of the witness which they might have given had not the book been put into the case.

*The motion for new trial is denied.*